UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES,

                  Plaintiff,                  **ORDER**
v.                                            08-CV-4490 (NGG) (ALC)

BOUCHARD TRANSPORTATION, et al.

                  Defendants.
-----------------------------------------------------------X

**CARTER, United States Magistrate Judge:**

      On February 22, 2010, Plaintiff filed a motion to compel Defendants to produce a privilege log for all documents and communications created on or before January 1, 2008, which were withheld on the basis of privilege. According to Plaintiff, Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26(a)(2)(A), which both require a party to disclose specific information with regard to documents withheld on the basis of privilege, "are not starting points for a discussion concerning the handling of privileged documents nor are they merely suggested practice guidelines that attorneys are free to disregard. They are *rules*, and in the absence of a court [o]rder or stipulation providing otherwise, they must be obeyed." Pl.'s Mot. at 3 (citing *FG Hemisphere Assocs. v. Republique du Congo*, No. 01-CV-8700, 2005 WL 545218, at *5 (S.D.N.Y. Mar. 8, 2005)).

      Moreover, Plaintiff argues that it is substantially prejudiced as a result of Defendants' failure to produce a privilege log. According to Plaintiff, Defendants are in possession of multiple documents which are not covered by the work product privilege or which are nevertheless discoverable despite a properly asserted privilege. Plaintiff gives several examples of factual materials it believes Defendants are refusing to produce on the basis of privilege but to which Plaintiff feels it is entitled based on its substantial need and inability, without undue

hardship, to obtain the substantial equivalent through other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). It is Plaintiff's position that, without a privilege log, it has no means of contesting Defendants' failure to produce records that are in fact discoverable.

Defendants oppose Plaintiff's motion, arguing that requiring Defendants to produce a privilege log would be "pointless and wasteful." Defs.' Resp. at 2. Defendants' argument rests on the contention that, because several government investigations were initiated immediately after the February 21, 2003 explosion of a Bouchard barge on the Arthur Kill Waterway, all documents created from that point forward were necessarily created "in anticipation of litigation." Defendants list three inquiries, warrants, and/or subpoenas that were served or propounded on Defendants in the few months immediately following the incident. Citing *Capital Records, Inc. v. MP3tunes, LLC*, 261 F.R.D. 44, 51 (S.D.N.Y. Aug. 13, 2009), Defendants argue that the shift in their focus from investigating the cause and potential consequences of the incident to defending possible lawsuits "occurred when Bouchard's attorneys arrived on the scene of the explosion and defended against the onslaught of Government inquiries and potential civil claims flowing from the explosion." Defs.' Resp. at 3.

I have read the parties' submissions and find that, pursuant to Fed.R.Civ.P. 26(b)(5) and Local Civil Rule 26(a)(2)(A), Defendants are required to submit a privilege log for documents created before January 1, 2008. I appreciate Defendants' argument that, in light of various government investigations that took place in the several months immediately after the incident, all documents created from that point forward were created in anticipation of litigation. Ultimately, however, I find Defendants' argument unpersuasive for several reasons.

First, privilege logs are commonly limited to documents created before the date litigation was initiated. This is due to the fact that, in many situations, it can be assumed that all

2

documents created after charges have been brought or a lawsuit has been filed and withheld on the grounds of privilege were created "because of" that pending litigation. It may be the case here that Defendants are in fact able to claim privilege with regard to every document created between the time of the incident and the inception of litigation as having been created in anticipation of litigation. But unlike cases in which litigation has commenced, the facts here are not sufficient for the Court to automatically assume so. *Capital Records* is not to the contrary. Although the Honorable Magistrate Judge Maas in that case recognized that the defendant's transition to creating documents solely because of litigation arguably occurred before the commencement of the litigation pending before him, he nevertheless tied the cutoff date of the defendant's privilege log to the date a prior, overlapping litigation was filed. *See Capital Records, Inc.*, 261 F.R.D. at 51. Here, no similar bright-line date marking the commencement of litigation, as opposed to investigation, exists to support Defendants' position.[1]

In addition, as a practical matter, it is not clear that a party in Defendants' position would have remained "in anticipation of litigation" for the entire five year period at issue. Defendants point to government investigations that were initiated in the initial months after the incident. According to Defendants, at some point after responding to those government inquiries, Defendants' responsive documents were packed up and placed in storage. Defs.' Resp. at 2. Therefore, it is conceivable that at some point in the intervening five years, when no complaints or lawsuits were forthcoming, Defendants' anticipation of litigation diminished.

Finally, Defendants' argument that, rather than requiring Defendants to produce a lengthy privilege log, "the Government should specifically indentify what documents it requests" and should "subpoena the third party consultants directly" is equally unpersuasive. Plaintiff does

---

[1] Although I find that Plaintiff is legally required to produce a privilege log for all documents created before the date this lawsuit was filed, the Plaintiff has agreed to further limit the time period to January 1, 2008, the date when Plaintiff began communication with Defendants about bringing this action.

3

identify several examples of documents - *that it is aware of* - which were created by third party consultants, and Plaintiff has in fact subpoenaed those consultants. Defs.' Resp. at 4. However, there may be additional documents, or additional third party consultants, of which Plaintiff is completely unaware. Without an exhaustive privilege log, Plaintiff would be unable to "specifically indentify" all documents to which it believes it is entitled.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel is granted. On or before June 9, 2010, Defendants are directed to produce a privilege log for all documents and communications created on or before January 1, 2008.

**SO ORDERED.**

**Dated: Brooklyn, New York
April 14, 2010**

s/Andrew L. Carter, Jr.
_____
ANDREW L. CARTER, JR.
UNITED STATES MAGISTRATE JUDGE