UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

        Plaintiff,                            08CV4490 (NGG) (ALC)

                                                      ORDER

    v.

BOUCHARD TRANSPORTATION, et al.,

        Defendants.
----------------------------------------------------X

**CARTER, United States Magistrate Judge**:

      On February 22, 2010, plaintiff (the "Government") filed a motion to compel defendants Bouchard Transportation, Inc. and the B No. 125 Corporation ("Defendants") to produce a privilege log for certain documents withheld by Defendants (the "Motion"). I granted the Government's motion in an order dated April 14, 2010, with which familiarity is assumed. (Docket No. 33.) Subsequently, the government moved, pursuant to Federal Rule of Civil Procedure ("Rule") 37, for an award of fees equal to the amount spent filing the Motion. Based on the submissions of the parties, and for the reasons stated below, the Government's request is granted.

DISCUSSION

      Rule 37 requires the party opposing a successful motion to compel to pay the reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). There are several exceptions to this rule. For example, Defendants argue that their objection was substantially justified by existing law. If true, the government is not entitled to fees. Fed. R. Civ. P. 37(a)(5)(A)(ii) (forbidding payment to the prevailing party if objection "substantially justified"). Defendants argue that throughout the pendency of this action, they have been of the

opinion that every document produced after the explosion in question was made in anticipation of litigation. They submit that because they "maintained a clear legal position," and because the documents subject to the privilege log are voluminous, their conduct in refusing to provide the privilege log was not so unreasonable as to warrant an award of fees.

Rule 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party must make the claim expressly and describe the nature of the documents, communications or things not produced. . . in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege or protection.

Local Rule 26(a)(2)(A) further explains that, in this district, the party claiming privilege must provide, inter alia, the type and general subject matter of the document or oral communication, and that such information "shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court." Local Rule 26.2(a), (c).

With these rules in mind, Defendants' view that they were "substantially justified" in failing to provide a privilege log is unavailing. The "clear legal position" maintained by Defendants is grounded in one case, Capitol Records, Inc. v. MP3tunes, LLC, 261 F.R.D. 44 (S.D.N.Y. 2009). Defendants point out that in Capitol Records, the court imposed a date range on the documents to be included in plaintiff's privilege log, noting that "at some point in most civil suits the focus of the principals' discussions shifts from the acts or omissions giving rise to the claims to the prosecution or defense of the lawsuit." 261 F.R.D. at 51. The case does not stand for the proposition that it is appropriate to unilaterally dispense with the requirement that any privilege log be produced. In any event, Capitol Records is distinguishable on significant grounds. There, a principal of defendant MP3tunes, LLC (a company with a staff of only five) represented that the process of conducting certain document searches would require "as much as

2

three months of seven-day workweeks by an MP3tunes employee working twelve-hour days." Id. at 49. No similar evidence was offered by Bouchard. Moreover, the existence, in Capitol Records, of prior litigation between the parties made it much more likely that the documents produced after commencement of the earlier action would be privileged, and a privilege log of them would be unreasonable under the circumstances of the voluminous production.

The argument that Defendants' opposition to the motion to compel was not "unreasonable, frivolous or completely unsupportable" is of little consequence, as the issue is whether it was "substantially justified." Furthermore, Defendants' statement that "Bouchard should be allowed to argue for a reasonable interpretation" calls for a leap in reasoning from its argument being "not unreasonable" to it being, in fact, "reasonable." However, quibbling over the subtleties of double negatives is not necessary, as neither "not unreasonable" nor "reasonable" are equivalent to "substantially justified." The position that a privilege log is not at all required is one that does not find support in any case law cited by Defendants. Defendants' position in opposition to the motion to compel was contrary to both Local Rule 26(a)(2)(A), requiring a court order to dispense with the privilege log requirement, and Federal Rule 26.

A "rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved." JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. and Servs., Inc., No. 03CV5562 (JGK)(AJP), 2005 WL 1958361, at *13 (S.D.N.Y. Aug. 16, 2005). Defendants have not rebutted this presumption. Accordingly, the Government's motion is granted and Defendants are ordered to remit $6,288.24 to the Government. SO ORDERED.

DATED: September 27, 2010 _____/s_____
     Brooklyn, New York            Andrew L. Carter, U.S.M.J.